# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PSARA ENERGY, LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 18-04111** |
| **SPACE SHIPPING, LTD.; GEDEN HOLDINGS LTD.; ADVANTAGE START SHIPPING, LLC; GENEL DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN LINES; ADVANTAGE TANKERS, LLC; ADVANTAGE HOLDINGS, LLC; FORWARD HOLDINGS, LLC; MEHMET EMIN KARAMEHMET; GULSUN NAZLI KARAMEHMET – WILLIAMS; and TUĞRUL TOKGÖZ** | **SECTION "B" (2)** <br><br> **JUDGE LEMELLE** <br><br> **MAGISTRATE WILKINSON** |

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE ATTACHMENT

MAY IT PLEASE THE COURT:

The following memorandum is submitted on behalf of Advantage Start Shipping, LLC ("Advantage Start"), with full reservation of rights and subject to its Restricted Appearance pursuant to Rule E(8).

This case is one of many lawsuits filed arising out of the charter of the M/T CV STEALTH. Psara Energy, Ltd. ("Psara") or ("plaintiff") is the registered owner of the M/V CV STEALTH. (Doc. 1, paragraph 2). The vessel was bareboat chartered to Defendant Space Shipping, Ltd. (Doc. 1, paragraph 3). Defendant Space Shipping, Ltd. ("Space") subsequently time chartered the vessel to ST Shipping & Transport Pte. Ltd. (Doc. 1, paragraph 21). For reasons which are not germane to the current litigation, the vessel was detained by authorities in Venezuela for a period of several years. The vessel was ultimately released, and

plaintiff Psara alleged in a London arbitration proceeding it brought against Space that it was in dilapidated condition, in violation of the bareboat charter requiring the vessel to be re-delivered to the owners "in the same or as good structure, state, condition and class as that in which she was delivered, fair wear and tear not affecting class excepted." (Doc. 1, paragraph 29)

Plaintiff's Complaint makes somewhat novel legal arguments, but is based on wholly unsupported claims alleging that all of the named defendants are interrelated companies, and all should be responsible for the claims against Space at issue based on allegations of successor corporation relationship theories and/or fraudulent transfer allegations. Plaintiff sought a writ of attachment under Supplemental Admiralty Rule B for its claims totaling $19,860,063.80.

The legal claims put forth in the Complaint are necessarily novel because on virtually the same facts, between the same parties, the related arguments of alter ego and veil piercing were rejected in 2016 by the United States District Court for the Southern District of Texas.[1] This decision was reached after the parties exchanged thousands of pages of discovery and took the depositions of multiple witnesses. Notwithstanding Plaintiff's duty on an *ex parte* application to disclose to the Court all relevant facts, Plaintiff's detailed 26 page Complaint

---

[1] Magistrate Judge Francis Stacy allowed discovery on those factual allegations and issued a Memorandum and Recommendation finding that there was no evidence of fraudulent activity or similar wrongdoing. See Memorandum and Recommendation attached as Exhibit "A."

filed in this court makes no reference to this decision rejecting the asserted factual bases for liability.

Advantage Start, owner of the M/V ADVANTAGE START, disputes all pertinent factual allegations made by the plaintiff (though these facts were previously deemed insufficient to support the relief claimed). Advantage Start also claims that the legal arguments of successor corporation liability and/or fraudulent transfer liability are meritless for essentially the same reasons given by the Texas Court in July 2016 which, although given in the context of an alter-ego allegation, are equally applicable to the current allegation. Advantage Start therefore reserves the right to move to vacate the attachment on the merits, and to seek damages for wrongful attachment, due to the lack of merit in these arguments. However, there is a more direct, equitable and compelling reason for immediately vacating the attachment.

As noted earlier, the present lawsuit is one of several filed by plaintiff. A virtually identical Verified Complaint was filed on the same day as the instant suit in the United States District Court for the Eastern District of Texas, Beaumont Division (See Exhibit "B"). The Court will note that the Complaints are virtually identical except for the vessels being attached. The present action involves the attachment of the M/V ADVANTAGE START while the Texas action is against the M/V ADVANTAGE ARROW. However, the factual allegations, the legal theories and, perhaps most importantly, the elements of damages being claimed are identical.

PD.23741412.1

A Motion to Vacate Attachment or, Alternatively, for a Reduction in Security was filed, briefed and argued in the United States District Court for the Eastern District of Texas, Beaumont Division. Following this activity, United States Magistrate Judge Zack Hawthorn issued the attached Order for Substitute Security dated May 4, 2018, rejecting plaintiff's security demand of almost $20 million. Magistrate Judge Hawthorn instead largely accepted the arguments of the owners of the M/V ADVANTAGE ARROW. A copy of this order is attached as Exhibit "C." As this Honorable Court will see, after careful study and analysis, Magistrate Judge Hawthorn concluded that plaintiff's claim, fairly stated, was $2,694,507.78. Allowing for interest, costs and other contingencies, Magistrate Judge Hawthorn fixed substitute security at $4 million. He further ordered that upon the posting of $4 million in security, the attachment of the M/V ADVANTAGE ARROW would be released, because plaintiff's claims, fairly stated, would be more than fully secured. The court indicated that it would address the merits of the motion to vacate the attachment at a later time.

The plaintiff cannot credibly argue that the two cases in question are materially different or security is still needed in this case. Plaintiff has one (highly exaggerated) claim against Space totaling $19,860,063.80. Plaintiff has made that <u>exact same</u> claim in two different legal proceedings, with the only difference being the property (vessels) against which the Rule B claims were asserted. The United States District Court for the Eastern District of Texas, Beaumont Division, reviewed the claim of $19,860,063.80, and concluded that it was vastly overstated. The Court concluded that plaintiff's claim, fairly stated,

was $2,694,507.78 and fixed security at $4 million. Substitute security in the amount of $4,000,000 has been posted in the Eastern District of Texas action, fully securing the plaintiff's claim. Plaintiff is not entitled to seek additional security for the same claim simply because there is another vessel allegedly owned or controlled by the same defendants.

Plaintiff has refused to dismiss this Louisiana attachment despite receiving an approved corporate surety bond in the full amount set by the Texas court after review of plaintiff's claim. In the Texas court, plaintiff cited several cases for general propositions of law. A close review shows those cases – as well as equity and common sense - fully support defendant's position here.

For example, in *Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43 (2nd Cir 2008), the court noted that Rule B pre-judgment attachment is a "severe remedy," and an attachment can be vacated where plaintiff has already obtained sufficient security for the potential judgment. That is exactly the case here. Plaintiff has obtained authority for its claim as "fairly stated." It is not entitled to continue attaching assets for the exact same claims based on an unsupported, essentially whimsical claim amount which has already been soundly rejected by one federal court. This court should not review the same evidence reviewed by the Texas court, and any "new evidence" plaintiff may produce should be rejected as unreliable on its face because it was not produced earlier. No plaintiff gets to try the same claims against the same parties in multiple courts, and no plaintiff should be allowed multiple bites at the apple regarding pre-judgment security for the same claims.

Another case cited by plaintiff in the Texas court to argue that multiple attachments can issue notes that this is allowed only if the value of the property attached falls short of the plaintiff's damages. That is not the case here, the plaintiff is receiving the full amount of its claim "fairly stated." *Integrated Container Services v. Starlines Shipping Ltd.*, 476 F. Supp. 119 (S.D.N.Y. 1979). Plaintiff is not entitled to assert highly inflated claims to continue attaching property and harassing the defendant.

Finally, another case plaintiff vainly uses to try to support its untenable position also fully supports defendants' position here. It notes that issue preclusion applies when – as here - identical issues are decided in one court, but then pressed in a second court. *D'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd.*, 116 F. Supp. 3d 349 (S.D.N.Y. 2015). As noted, the Complaints filed in Texas and Louisiana are identical, except for the vessels attached.

Issue preclusion does not require the exact same parties, especially when the plaintiff's claims have been fully addressed. Here, there is one different party in the Texas and Louisiana cases, the registered owner of the vessel(s) attached, but that certainly makes no difference where Plaintiff's claims were fully heard and where the gravamen of Plaintiff's claims is that corporate veils should be pierced and all defendants should essentially be treated as one.

The Texas federal court reviewed the evidence and arguments regarding the claimed damages and decided that plaintiff's claim, fairly stated, was $2,694,507.78 and fixed security at $4 million. This security has been posted

and the Louisiana attachment should be dismissed by plaintiff, or vacated by this Court.

For these reasons, the Rule B attachment of the ADVANTAGE START should be immediately vacated.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   *s/ Kevin J. LaVie*
      KEVIN J. LAVIE, T.A. (#14125)
      BRIAN WALLACE (#17191)
      Canal Place - Suite 2000
      365 Canal Street
      New Orleans, LA 70130-6534
      Telephone: 504-566-1311
      Telecopier: 504-568-9130
      kevin.lavie@phelps.com
      brian.wallace@phelps.com
      Attorneys for Defendant,
        Advantage Start Shipping, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of May, 2018, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

      *s/ Kevin J. LaVie*
      KEVIN J. LAVIE

- 7 -

PD.23741412.1