# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PSARA ENERGY, LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 18-04111** |
| **SPACE SHIPPING, LTD.; GEDEN HOLDINGS LTD.; ADVANTAGE START SHIPPING, LLC; GENEL DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN LINES; ADVANTAGE TANKERS, LLC; ADVANTAGE HOLDINGS, LLC; FORWARD HOLDINGS, LLC; MEHMET EMIN KARAMEHMET; GULSUN NAZLI KARAMEHMET – WILLIAMS; and TUĞRUL TOKGÖZ** | **SECTION "B" (2)** <br> **JUDGE LEMELLE** <br> **MAGISTRATE WILKINSON** |

## MEMORANDUM IN RESPONSE TO EMERGENCY MOTION FOR CONTINUANCE (DOC. 18)

MAY IT PLEASE THE COURT:

Defendant Advantage Start Shipping, LLC takes this opportunity to reply to the purported evidence recently submitted by the Plaintiff on towage costs (that being the only matter on which the Court invited further comment). This purported evidence was contained in Plaintiff's Emergency Motion for Continuance of Rule E(4)(F) Hearing (Doc. 18).

1. Towage costs were in fact considered in Texas. The Court ruled that the Plaintiff had failed to submit satisfactory evidence (the burden being on the Plaintiff to do so). The Plaintiff had not requested an adjournment to enable it to submit such evidence and did not make the excuses it now makes for not having provided such evidence. The Texas Court accordingly ruled that no allowance should be given in respect of towage costs. As with

any case involving a ruling on the evidence, it is not open to the disappointed party to make good its own failure to provide evidence at the requisite time by seeking to re-litigate the same point before another court or to seek to introduce further evidence before that court. To allow a Plaintiff to take multiple bites at the apple is wrong in law and unfair on the Defendant who should not be vexed with the same issue more than once. The Plaintiff's recourse, if any, is to appeal or seek reconsideration of the Texas decision.

2. In considering whether to allow further evidence from the Plaintiff on towage costs, the Court should, in the exercise of its discretion, have regard to the Plaintiff's conduct:

   a. Plaintiff did not advise the Texas court or this Court that a previous claim based on largely the same factual allegations was dismissed on the merits and an attachment was vacated by the Southern District of Houston in 2016.

   b. Plaintiff came to this court on Monday, May 14, 2018, claiming it needed additional time to produce evidence on towage costs to India. When that motion was not granted, plaintiff suddenly ("coincidentally") produced an estimate of towage costs that it had obtained some days earlier on May 10 but which it had withheld from the Court and the Defendants. This is additional clear evidence that plaintiff is not pursuing these claims in good faith, but is instead omitting facts in its filings, exaggerating its claims, and attempting to delay the release of the Defendant's vessels for as long as possible

   c. Plaintiff grossly exaggerated its figures:

      i. First, the plaintiff filed a Complaint asserting a completely unsupportable claim for $19 million.

      ii. Second, Plaintiff argued in Texas that the vessel had a repaired value of $18 million based on the opinion of a London barrister. The Texas court found this contained only

unsupported "bald assertions" without any underlying facts in support.

    iii.    Plaintiff also produced a valuation letter, which the Texas court skeptically noted was "by coincidence" produced after the barrister's opinion for the exact same $18 million amount.

    iv.    Yet the Texas Court concluded that the Plaintiff's fairly stated claim was only $2.6 million.

3. If in spite of the above, the Court is inclined to allow the Plaintiff to adduce further evidence on the towage cost, it should still not require the Defendant to put up further security, or at least should substantially reduce the security that it might otherwise order for the following reasons:

    a.    In all likelihood, such costs will never be incurred. Defendant has carefully considered why an estimate of towage costs was not obtained until May 10, despite plaintiff having many weeks to prepare its claim and gather evidence in support. The most probable explanation is that the plaintiff did not consider that it would ever incur towage costs. Defendant believes that plaintiff has already claimed that the vessel is a constructive total loss ("CTL") since repairs will exceed the fair market value of the vessel requiring the hull underwriters to pay the insured value to the plaintiff. This is also the most likely reason for the vessel not having moved from Trinidad since February.

            Under the terms of the charter parties and insurance agreements, Defendant is a joint or co-insured under the hull policies and the hull underwriters will be precluded from filing a subrogation claim against Defendant.

            This is not a situation where the insurance is a collateral source. As a part of the charter agreement and the charter hire paid by defendant to plaintiff, defendant was included as a co-assured under the policy and has the right to benefit from the insurance policy.

    b.    As previously noted, the Texas Court ultimately decided that the plaintiff's claim, excluding towage costs, was only in the range of $2.6 million. While the court did not include a specific amount for towage (but only because Plaintiff had failed to provide evidence of

same), the court allowed a generous security cushion of $1.4 million above the claim "as fairly stated."

c. Defendant in the limited time since the May 15 hearing has not been able to obtain its own estimate of towage costs. However, defendant urgently needs its vessel released and therefore needs a determination from the Court now notwithstanding that it has been prejudiced by the Plaintiff's conduct.

For the above reasons, including plaintiff's unclean hands, their constant exaggeration of the value of their claim, and the $1.4 million cushion allowed by the Texas court, this Court should release the vessel without requiring further security to be provided.

Alternatively, and only given the massive losses being suffered due to the detention of the vessel, no more than an additional $800,000 to $1 million in security, above the $1.4 million cushion should be ordered, which more than adequately secures the claim for towage costs during the spring/summer.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:  *s/ Kevin J. LaVie*
     KEVIN J. LAVIE, T.A. (#14125)
     BRIAN WALLACE (#17191)
     Canal Place - Suite 2000
     365 Canal Street
     New Orleans, LA 70130-6534
     Telephone: 504-566-1311
     Telecopier: 504-568-9130
     kevin.lavie@phelps.com
     brian.wallace@phelps.com
     Attorneys for Defendant,
         Advantage Start Shipping, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of May, 2018, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

                         *s/ Kevin J. LaVie*
                         KEVIN J. LAVIE